714 P.2d 854

**BOLTZ & ODEGAARD, a partnership consisting of Earl F. Boltz, Jr., and Douglas Odegaard, dba B & A Development, Plaintiffs-Appellees,**

v.

**Edward L. HOHN, individually, Edward L. Hohn and Jane Doe Hohn, his wife, Defendants-Appellants.**

No. 1 CA–CIV 7289.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 20, 1985.

362

Gust, Rosenfeld, Divelbess & Henderson by Norman D. Hall, Jr., Phoenix, for plaintiffs-appellees.

Wentworth & Lundin by John E. Lundin, Jeanne C. Young, Walter C. Davison, Michael C. Johnson, Phoenix, for defendants-appellants.

## OPINION

CORCORAN, Judge.

The parties to this action were all attorneys practicing law in Phoenix. The defendant, Edward L. Hohn, was a month-to-month tenant in a building owned by the plaintiffs Earl F. Boltz, Jr. and Douglas Odegaard (Boltz). On October 13, 1978, Boltz gave Hohn notice that his tenancy was terminated to be effective the last day of December, 1978. Hohn vacated the premises by that date.

On May 4, 1979, Boltz filed suit against Hohn in justice court for $361.78, alleging that he had failed to pay his last month's rent and various other telephone and copy charges incurred between October and December of 1978. On May 10, 1979, Hohn counterclaimed alleging interference with his business relationship and requesting $10,000 in compensatory damages and $5,000 in punitive damages. The justice court transferred the case to superior court pursuant to A.R.S. § 22–201(F), Laws 1976, Ch. 170, § 19, since the damages requested in the counterclaim exceeded the then $1,000 jurisdictional limit of the justice court.

A few months prior to trial, Hohn made an offer of judgment pursuant to rule 68, Arizona Rules of Civil Procedure, in the amount of $250 with "costs accrued." No mention is made of attorney's fees in the offer. The offer was not accepted. The case was then tried to the court on both the complaint and counterclaim on November 16, 1982. The trial court awarded Boltz $200 on his complaint and awarded nothing to Hohn on his counterclaim. Boltz filed a request for attorney's fees and the trial court granted an award of $2,119 for attorney's fees. Hohn filed timely post-trial motions objecting to the award of attorney's fees. After hearing on the post-trial motions, the trial court denied the motions. Hohn appeals from the judgment and from the order denying his objection to the award of attorney's fees.

### 1. *Jurisdiction*

Hohn first argues on appeal that the judgment in this case must be vacated because the superior court lacked subject matter jurisdiction over the case. Hohn takes the position that the case should not have been transferred to the superior court when he filed his counterclaim because his counterclaim failed to satisfy A.R.S. § 22–201(F), which requires that the pleading containing the counterclaim be verified. It provided in pertinent part:

If in any action before a justice of the peace a party files a *verified* pleading which states as a counterclaim a claim in which the amount involved, exclusive of interest and costs, is one thousand dollars or more, the justice shall so certify in his docket, and at once stop further proceedings in the action, and forward all papers, together with a certified copy of his docket entries in the action, to the superior court, where the action shall be docketed and determined as though originally brought in the superior court.

A.R.S. § 22–201(F), Laws 1976, Ch. 170, § 19 (emphasis added). The $1,000 limit has since been increased.

Boltz argues that Hohn should not be allowed to attack the superior court's jurisdiction after he invoked that jurisdiction by filing a counterclaim which exceeded the jurisdictional limits of the justice court. Boltz contends that the Arizona Supreme

Court in *Adoption of Hadtrath,* 121 Ariz. 606, 592 P.2d 1262 (1979) has indicated that the doctrine of estoppel would bar parties from trifling with the courts in such manner.

■ We find it unnecessary to consider whether estoppel would bar Hohn from questioning the superior court's jurisdiction because we simply find no jurisdictional defect in this instance. The jurisdictional requirement set forth in A.R.S. § 22–201 for proceedings in justice courts concerns the "amount" of the damages requested in the claim or counterclaim. The failure to verify that the damages in the counterclaim exceeded $1,000 was merely a technical defect which was later cured by the defendant's testimony under oath at trial that his damages exceeded $1,000. We find no jurisdictional impediment in this case.

## 2. *Attorney's Fees at Trial*

The remaining issues raised by Hohn concern the award of attorney's fees made to Boltz. Boltz requested attorney's fees in the amount of $2,119 pursuant to A.R.S. § 12–341.01(A) and A.R.S. § 22–201(F) which the trial court granted. A.R.S. § 12–341.01 provides that reasonable attorney's fees may be awarded to the successful party in any contested action arising out of contract. A.R.S. § 22–201(F) allows the trial court to "impose costs, including a reasonable attorney's fee" on a party who, after filing a counterclaim in an action in justice court for an amount in excess of $1,000, thereby exceeding the jurisdictional limits of that court, is awarded less than the $1,000 jurisdictional amount. The attorney's fees request and award in this case appear to encompass time spent on both the claim and the defense of the counterclaim both before and after the offer of judgment.

Hohn first argues that Boltz is not entitled to the attorney's fees he incurred after Hohn had made the offer of judgment. Rule 68, Arizona Rules of Civil Procedure, authorizing offers of judgment, provides, in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Hohn's argument on this issue stems from his claim that his offer of judgment, which provided that "defendants offer to allow judgment to be taken against them in the amount of two hundred fifty dollars ($250.00) with costs accrued," implicitly included an offer to pay plaintiffs' attorney's fees accrued to that date. He reasons that if he has offered to pay attorney's fees as costs accrued, then Boltz who was awarded less than the amount of the offer of judgment should be precluded from recovering attorney's fees accrued after the offer was made.

■ The general rule, apart from statute, rule of court, or agreement, is that the prevailing litigant is not entitled to collect a reasonable attorney's fee from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *United States Fid. & Guar. Co. v. Frohmiller,* 71 Ariz. 377, 227 P.2d 1007 (1951); Dobbs, *Law of Remedies* § 3.8 at 194 (1973). It is well settled in Arizona that even where a statute provides for the award of attorney's fees, the attorney's fees are not "taxable costs" in the trial court under A.R.S. § 12–332, and may not be recovered by the "successful party" as "costs" under A.R.S. § 12–341. *Sweis v. Chatwin,* 120 Ariz. 249, 585 P.2d 269 (App.1978); *USLife Title Co. v. Soule Steel Co.,* 122 Ariz. 79, 593 P.2d 302 (App.1979). *See also Lawrence v. Valley Nat'l Bank,* 106 Ariz. 455, 478 P.2d 79 (1970) (attorney's fees in promissory note are not costs in the appellate court,

A.R.S. § 12–331); *Spanier v. United States Fid. & Guar. Co.,* 127 Ariz. 589, 598, 623 P.2d 19, 28 (App.1980); *State Farm Mut. Auto. Ins. Co. v. O'Brien,* 24 Ariz.App. 18, 535 P.2d 46 (1975).

■ We therefore hold that the offer of judgment by Hohn, even if it included attorney's fees by its terms would not operate to cut off attorney's fees because attorney's fees are not costs.[1]

■ Hohn argues that the trial court should not have awarded attorney's fees for Boltz's defense of his counterclaim since A.R.S. § 12–341.01 provides for attorney's fees in cases arising out of contract and his counterclaim was for alleged tortious action. While the successful defense of a tort claim will not give rise to a claim for attorney's fees under subsection (A), we do not agree that the portion of attorney's fees attributable to defense of Hohn's counterclaim must be reversed. Boltz requested attorney's fees not only pursuant to A.R.S. § 12–341.01 but also pursuant to A.R.S. § 22–201(F). This statute gives the trial court discretion to impose attorney's fees attributable to the counterclaim where a defendant does not succeed in winning an award exceeding the then jurisdictional limit of $1,000. Attorney's fees pursuant to A.R.S. § 22–201(F) are not limited to contract actions. We note that Hohn in this case filed the counterclaim, insisted on trying it, but presented very little evidence in its support, and therefore that an imposition of attorney's fees would have been justified under this statute. Since attorney's fees could properly have been awarded for defense of the counterclaim pursuant to A.R.S. § 22–201(F), we find no error in the trial court's award of fees for both the claim and defense of the counterclaim.[2]

Finally, Hohn argues that Boltz's request for attorney's fees was not documented in sufficient detail to permit the conclusion that the fees were reasonable in light of the services performed. The affidavit of Boltz's attorney attached with the fees request merely stated that he had spent 32.6 hours at $65 per hour, totalling $2,119, and listed general types of services performed. The affidavit did not detail the time spent on any individual task. Hohn argues that the attorney's affidavit was insufficient to establish the reasonableness of the fees pursuant to *Schweiger v. China Doll Restaurant,* 138 Ariz. 183, 673 P.2d 927 (App.1983). Hohn argues that, at a minimum, the case should be remanded to the trial court for a determination of the reasonableness of the fees. We do not find a remand to be necessary in this case.

In *China Doll* this court set forth guidelines for the filing of an affidavit in support of a request for attorney's fees where the parties have agreed by contract that the prevailing party shall be entitled to recover reasonable fees. One of the guidelines is that the hours expended for each separate item of service performed be enumerated. Clearly, the guidelines in *China Doll* are applicable in other situations where the court is to award a "reasonable fee." In *China Doll* however, we were concerned specifically with an affidavit that would be submitted to the appellate court requesting attorney's fees on appeal. While the same type of detailed listing of hours and services is also useful in the trial court, the trial court has other alternatives available to it for acquiring such information such as through an evidentiary hearing. *See* rule 3.7(e)(3), Superior Court Local Rules—Maricopa County.

---

1. The parties have argued in their briefs the application of various federal cases in apparent conflict over the application of rule 68, Federal Rules of Civil Procedure. However, these conflicts have been resolved by the Supreme Court in *Marek v. Chesny,* —— U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Because of the clear position the Arizona cases have taken that attorney's fees are not costs, the dissenting opinion in *Marek* has more relevance to the interpretation of Arizona's rule 68. Even if we adopted the majority opinion in *Marek,* the result would not change because A.R.S. § 12–341.01 makes no reference to "costs."

2. This analysis is unaffected by the offer of judgment made by Hohn because that offer applies only to the *complaint* and not his *counterclaim.* The only party who can make an offer pursuant to rule 68 is the "party *defending* against a claim."

In fact, the minute entries indicate that a hearing was conducted on the plaintiffs' request for attorney's fees. Since no transcript of the hearing was provided to us, we must conclude that the trial court satisfied itself as to the reasonableness of the fee. Where no transcript of evidence is made part of the record on appeal, a reviewing court will not question the sufficiency of evidence to sustain the ruling. *Riley v. Jones*, 6 Ariz.App. 120, 430 P.2d 699 (1967). We also note that Hohn's written objection to the request for attorney's fees did not dispute the reasonableness of the fee requested, but merely challenged whether any fee should be awarded. After the fee award had been made, Hohn filed a request for reconsideration of the award, objecting for the first time to the lack of documentation as to the reasonableness of the fee. Another hearing was held, the transcript of which does appear in the record. At this hearing, Boltz's then attorney offered to have the prior attorney testify as to what work he had performed on the case. Hohn, however, did not pursue at the hearing his contention that the fee was unreasonable. Again, he limited his argument to attacking the fee in its entirety rather than the reasonableness of the amount awarded. We find, under these circumstances, both that the reasonableness of the fee was established and that Hohn waived the right to object to the reasonableness of the fee.

Although the notice of appeal from Hohn indicated that the appeal was from the "judgment," his opening brief restricted the "focus" of the appeal to the "impropriety of the trial court's award of attorney's fees." Hohn does not contest on appeal the $200 judgment in favor of Boltz & Odegaard or the award of costs in the amount of $191.25 or the dismissal of his own counterclaim. We affirm the judgment of the trial court in favor of Boltz & Odegaard for attorney's fees of $2,119.25.

### 3. *Attorney's Fees on Appeal*

Boltz & Odegaard request attorney's fees for this appeal pursuant to A.R.S. § 12–341.01(A) ("contested action arising out of a contract") and (C) ("groundless") and A.R.S. § 22–201(F) ("counterclaim"). Hohn's argument relating to the application of rule 68, Arizona Rules of Civil Procedure, is not so vacuous that we could conclude it is "groundless," so we do not apply A.R.S. § 12–341.01(C) to this appeal. However, all of the "issues presented" by Hohn on appeal relate to matters regarding the contract or attorney's fees under A.R.S. § 12–341.01(A) and the aborted counterclaim or attorney's fees under A.R.S. § 22–201(F). Since it is appropriate to award attorney's fees in appeals where the issue on appeal relates to attorney's fees pursuant to A.R.S. § 12–341.01(A), *Wenk v. Horizon Moving & Storage Co.*, 131 Ariz. 131, 639 P.2d 321 (1982), and since we conclude that it is appropriate to award attorney's fees on appeal pursuant to A.R.S. § 22–201(F), *cf. Whittemore v. Amator*, 148 Ariz. 200, 713 P.2d 1258 (App.1985), we exercise our discretion to award attorney's fees to Boltz & Odegaard. Those attorney's fees will be fixed pursuant to rule 21, Arizona Rules of Civil Appellate Procedure.

FROEB and OGG, JJ., concur.