925 P.2d 1369

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. and First Data Corporation, Plaintiffs/Appellants,**

v.

**John F. PARMETER and Minnie Parmeter, husband and wife, Defendants/Appellees.**

No. 2 CA–CV 96–0050.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 17, 1996.

---

9. Presumably, POPULAR meant to request fees pursuant to A.R.S. section 12–341.01(C).

Streich Lang, P.A. by Craig H. Kaufman, Tucson, for Plaintiffs/Appellants.

Vingelli & Bryson by Michael J. Vingelli and Melissa Errico, Tucson, for Defendants/Appellees.

## OPINION

PELANDER, Presiding Judge.

Plaintiffs/appellants American Express Travel Related Services Company, Inc. and First Data Corporation (collectively referred to as First Data) appeal from the trial court's order quashing a writ of garnishment. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

First Data's complaint in this action sought recovery of approximately $500,000 which defendant/appellee Minnie Parmeter, a former employee of First Data, had embezzled over the course of six years. The trial court entered partial summary judgment against Mrs. Parmeter, awarding First Data treble damages totaling $1,387,867.08 pursuant to A.R.S. § 13–2314(D)(4). First Data later obtained partial summary judgment in the same amount against defendant John Parmeter's interest in the couple's community property.

The sole issue remaining for trial was whether First Data had a claim against Mr. Parmeter's separate property. After a bench trial, the court entered judgment in favor of Mr. Parmeter "on all counts claiming against [his] sole and separate property" and on the RICO count, and awarded him $5,497.65 for attorney's fees "incurred in defending the claims against his sole and separate property" on the RICO claim only.

First Data did not appeal from that judgment, but filed an application for writ of garnishment naming itself as garnishee. First Data essentially sought to apply the $5,497.65 it owed Mr. Parmeter in attorney's fees as an offset against the outstanding judgments it held against Mrs. Parmeter's separate property and Mr. and Mrs. Parmeter's community property. Mr. Parmeter objected to the garnishment and, after conducting an unreported hearing at which Mr. Parmeter testified, the trial court ruled that it intended to award the attorney's fees to Mr. Parmeter "as his sole and separate property." After the court entered an order to that effect and quashed the writ of garnishment, First Data appealed from those rulings.

## DISCUSSION

■ First Data contends the trial court erred in finding the attorney's fee award was Mr. Parmeter's sole and separate property and therefore not subject to garnishment. "On appeal, we view all evidence and reasonable conclusions therefrom in the light most favorable to supporting the decision of the trial court regarding the nature of property as community or separate." *Sommerfield v. Sommerfield,* 121 Ariz. 575, 577, 592 P.2d 771, 773 (1979); *see also Thomas v. Thomas,* 142 Ariz. 386, 392, 690 P.2d 105, 111 (App. 1984).

■ A.R.S. § 25–211 provides that "[a]ll property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise, or descent, is the community property of the husband and wife." Conversely, A.R.S. § 25–213 defines separate property as "[a]ll property, real and personal, of each spouse, owned by such spouse before marriage, and that acquired afterward by gift, devise or descent, and also the increase, rents, issues and profits thereof." Under these statutes, all property acquired during marriage, except that acquired by gift, devise or descent, is presumed to be community property. *Sommerfield,* 121 Ariz. at 577, 592 P.2d at 773; *Hatcher v. Hatcher,* 224 Ariz. Adv. Rep. 17, —— Ariz.

——, —— P.2d —— 1996 WL 490383 (Ct. App. August 29, 1996). Similarly, "[a] debt incurred by a spouse during marriage is presumed to be a community obligation." *Hrudka v. Hrudka,* 186 Ariz. 84, 919 P.2d 179, 186–87 (App.1995). A spouse seeking to establish that property acquired or a debt incurred during marriage is separate must rebut the presumption with clear and convincing evidence. *Hrudka,* 919 P.2d at 186–87; *Bourne v. Lord,* 19 Ariz.App. 228, 231, 506 P.2d 268, 271 (1973).

Relying primarily on § 25–211 and *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980), First Data contends that because Mr. Parmeter recovered the attorney's fee award during marriage and because it was not acquired by "gift, devise or descent," it is community property. In *Jurek* our supreme court held that a spouse's recovery of compensation for injury to the spouse's personal well-being during marriage is that spouse's separate property, even though such compensation is not "acquired by gift, devise, or descent," § 25–211, but that compensation for any expenses incurred by the community for medical treatment and any lost earnings resulting from the personal injury is community property. *Jurek,* 124 Ariz. at 598, 606 P.2d at 814.

Focusing on the second part of the holding, First Data claims Mr. Parmeter's attorney's fee award is analogous to the award for medical expenses in *Jurek* and therefore is community property. That aspect of the holding in *Jurek,* however, is distinguishable because of the character of the underlying expense that the spouse recovered. Medical expenses generally are considered to be community in nature, *Phoenix Baptist Hosp. and Medical Ctr., Inc. v. Aiken,* 179 Ariz. 289, 294, 877 P.2d 1345, 1350 (App.1994), as are a spouse's wages earned during marriage. *See Barr v. Petzhold,* 77 Ariz. 399, 409, 273 P.2d 161, 167 (1954). That is not necessarily true, however, for a spouse's legal fees incurred in defending his or her separate property.

The court in *Jurek* implicitly rejected the type of literal reading of Arizona's community property statutes which First Data advocates here. The court noted that "[i]n construing community property statutes, the basic principles applicable to such property

are often ignored," and an " 'incomplete understanding of the true principles of community property . . . often leads to a too literal interpretation of the local statutes.' " 124 Ariz. at 597, 606 P.2d at 813, *quoting* William Q. deFuniak and Michael J. Vaughn, *Principles of Community Property* § 82 at 201 (2d ed. 1971). As a source for those principles, the supreme court quoted from the cited treatise on community property:

> "Except for gifts clearly made to the marital community, community property only consists of that which is acquired by onerous title, that is, by labor or industry of the spouses, or which is acquired in exchange for community property. . . . It must be plainly evident that a right of action for injuries to person, reputation, property, or the like, or the compensation received therefor, is not property acquired by onerous title. The labor and industry of the spouses did not bring it into being."

*Jurek,* 124 Ariz. at 597–98, 606 P.2d at 813–14, *quoting* deFuniak and Vaughn at 201–202. The character of the recovery as separate or community property depends on the character of the right that is protected:

> "Since the right of action for injury to the person, or for that matter, to the reputation, is intended to bring about compensation for the injury, and the compensation is intended to repair or make whole the injury . . . the compensation partakes of the same character as that which has been injured or suffered loss."

*Id.* at 598, 606 P.2d at 814, *quoting* deFuniak and Vaughn at 202.

■ Applying those principles to this case, we cannot say the trial court erred in finding that the attorney's fees Mr. Parmeter incurred in defending his separate property are themselves separate property. *Cf. In re Marriage of Stitt,* 147 Cal.App.3d 579, 588, 195 Cal.Rptr. 172, 177 (1983) (wife's attorney's fees incurred in defending civil and criminal charges after she embezzled from her employer properly assigned in dissolution proceeding as her separate debt). The community is not liable for a debt contracted by one spouse that is "in no way connected with the community and from which the community receives no benefit." *Hamada v.*

*Valley Nat'l Bank,* 27 Ariz.App. 433, 436, 555 P.2d 1121, 1124 (1976). The trial court could have found that the attorney's fees Mr. Parmeter incurred in defending his separate property did not benefit the community and thus were a separate obligation, *cf. In re Marriage of Stitt,* and, if so, that the attorney's fees awarded to reimburse him for that debt also were separate property.

First Data contends, however, that "the record below is devoid of any evidence" supporting such a finding or overcoming the presumption of community status. We will sustain the trial court's judgment if any reasonable evidence supports it, *Donato v. Fishburn,* 90 Ariz. 210, 213, 367 P.2d 245, 246 (1961), and "[t]he determination of whether evidence is 'clear and convincing' is committed to the trial court." *Estate of Page v. Litzenburg,* 177 Ariz. 84, 92, 865 P.2d 128,

136 (App.1993). The trial court conducted a separate, unreported garnishment hearing, at which Mr. Parmeter testified, relating to the character of his attorney's fee debt and concomitant award which First Data sought to garnish. In the absence of any transcript of that hearing, we "will not question the sufficiency of the evidence to sustain the ruling." *Boltz & Odegaard v. Hohn,* 148 Ariz. 361, 366, 714 P.2d 854, 859 (App.1985).

Affirmed.

LIVERMORE and FLÓREZ, JJ., concur.