NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MICA KOIZUMI, *Petitioner/Appellant*,

*v.*

JAMES CHARLES MOROGIELLO, *Respondent/Appellee*.

No. 1 CA-CV 21-0683 FC
FILED 9-15-2022

Appeal from the Superior Court in Maricopa County
No. FN2020-003303
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

kdlaw P.C., Scottsdale
By Kiilu Davis, Sally M. Colton
*Counsel for Petitioner/Appellant*

Owens & Perkins, P.C., Scottsdale
By Michael J. Clonts
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**F U R U Y A**, Judge:

**¶1**		Mica Koizumi ("Wife") appeals portions of the superior court's decree dissolving her marriage to James Charles Morogiello ("Husband"), including orders regarding the division of certain assets and debts and its award of fees. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**		Wife and Husband were married in August of 2006 and have no children. As relevant to this appeal, the parties' assets included an investment account with E*Trade ("E*Trade Account"), as well as an Investment Retirement Account through Charles Schwab Corporation. ("Schwab IRA").

**¶3**		Wife filed a petition for dissolution in July of 2020. At trial, Wife and Husband were the sole witnesses to testify and both introduced various documentary evidence associated with their respective positions.

**¶4**		In its decree, the court found Husband had proved by clear and convincing evidence that certain stocks directly transferred into the parties' E*Trade Account in October of 2017 ("Transferred Stocks") were inherited from Husband's father's estate. Thus, the decree held that the Transferred Stocks were Husband's sole and separate property. The decree also found the parties had agreed to split the Schwab IRA evenly and ordered that Wife and Husband receive 50% of that account. Further, the court ordered that Wife deliver certain items of personal property to Husband. Finally, the court declined to award either party their attorneys' fees.

**¶5**		Wife moved to alter or amend the judgment under Arizona Rule of Family Law Procedure ("ARFLP") 83. The court denied this motion. Wife timely appealed the denial of her motion and the underlying dissolution decree. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1)–(2).

## DISCUSSION

### I.  Property & Debt Division.

¶6          Wife challenges the court's characterization and division of property interests and debt between the parties. The superior court's duty in dividing property in a dissolution is to "assign each spouse's sole and separate property to such spouse" and to "also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind[.]" A.R.S. § 25-318(A). Aside from property acquired by gift, devise, or descent, or after service of a petition for dissolution of marriage, all property acquired during marriage is presumed to be community. *See* A.R.S. § 25-211(A)(1)–(2). To overcome this presumption, a spouse claiming that property is sole and separate has the burden of proving by clear and convincing evidence that it was acquired by gift, devise, or descent. *See Am. Exp. Travel Related Serv. Co., Inc. v. Parmeter*, 186 Ariz. 652, 654 (App. 1996).

¶7          We review the court's division of property for an abuse of discretion and review the characterization of property de novo. *Helland v. Helland*, 236 Ariz. 197, 199 ¶ 8 (App. 2014). But we emphasize that "[r]esolution of any conflict in the evidence is for the trier of fact," *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 429 (App. 1977), and it is beyond our function to "reweigh the evidence or determine the credibility of witnesses." *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 92 ¶ 36 (App. 1998).

### A.  Characterization and Division of the E*Trade Account.

¶8          Wife argues the court erred in finding that the Transferred Stocks were Husband's sole and separate property.  She claims Husband's evidence was insufficient to overcome the presumption that all stocks in the parties' E*Trade Account were community property. We disagree.

¶9          "We defer to the trial court with respect to any factual findings explicitly or implicitly made, affirming them so long as they are not clearly erroneous, even if substantial conflicting evidence exists." *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cty.*, 208 Ariz. 532, 537 ¶ 10 (App. 2004), quoting *Twin City Fire Ins. v. Burke*, 204 Ariz. 251, 254 ¶ 10 (2003); *Kocher v. Ariz. Dep't of Revenue*, 206 Ariz. 480, 482 ¶ 9 (App. 2003). "A finding of fact cannot be clearly erroneous if there is substantial evidence to support it." *Lewis*, 114 Ariz. at 429; *see also Parmeter*, 186 Ariz. at 655 (in the context of property characterization, "[w]e will sustain the trial court's judgment if any reasonable evidence supports it").

¶10 Here, Husband testified[1] that the Transferred Stocks were transferred directly from his deceased father's estate into the parties' E*Trade Account. Husband offered into evidence a copy of his father's trust, which generally provided, in part, for the distribution of his father's estate to Husband upon death. Husband also submitted statements from the E*Trade Account reflecting the direct transfer of the Transferred Stocks, with no associated purchase price. Based upon this evidence, the court found Husband had overcome the presumption that the Transferred Stocks were community property by clear and convincing evidence. Therefore, the Transferred Stocks were part of Husband's inheritance, not subject to equitable division.

¶11 Citing our unpublished decisions in *Chauncey v. Chauncey*, 1 CA-CV 19-0696, 2021 WL 827633 (Ariz. App. March 4, 2021) (mem. dec.), and *Glassmoyer v. Glassmoyer*, 1 CA-CV 17-0333, 2018 WL 1870538 (Ariz. App. April 19, 2018) (mem. dec.), Wife counters that Husband's evidence did not meet his burden to prove that the Transferred Stocks were sole and separate property. Wife's reliance on these cases is misplaced for two reasons. First, her analysis mistakes evidentiary sufficiency for necessity. Neither *Chauncey* nor *Glassmoyer* set any new evidentiary standards to be applied in all cases. Rather, "[t]he determination of whether evidence is 'clear and convincing' is committed to the trial court." *Parmeter*, 186 Ariz. at 655 (quoting *Estate of Page v. Litzenburg*, 177 Ariz. 84, 92 (App. 1993)). Second, *Chauncey* and *Glassmoyer* concerned the tracing of cash transfers between accounts instead of stock transfers. Thus, these cases are also distinguishable on their facts.

¶12 Husband's documentary evidence corroborates his testimony that the Transferred Stocks were inherited from his father's estate. *See Dumes v. Harold Laz Advert. Co.*, 2 Ariz. App. 387, 388 (1965) ("The uncontradicted testimony of an interested party may be rejected, but where the testimony of an interested party is supported by 'disinterested corroboration,' a rejection of that evidence amounts to arbitrary action by

---

[1] Throughout briefing, the parties refer to a "transcript" of the September 1, 2021 trial, which is included in the appendixes to their briefs. Although it appears Wife filed a notice with the superior court ordering a transcript, a certified transcript was never filed with the court to make it a part of the record. Generally, we do not consider "transcripts" that are not designated as part of the record. *See Baker v. Baker*, 183 Ariz. 70, 72–73 (App. 1995). However, under the limited circumstances in this case, we will consider it because neither party objected and they both reference what seems to be the same "transcript."

the court."). When viewed in the light most favorable to upholding the court's decree, *Bowser v. Nguyen*, 249 Ariz. 454, 456 ¶ 8 (App. 2020), the finding that the Transferred Stocks constitute Husband's inheritance was not clearly erroneous. Consequently, the court did not err in finding the Transferred Stocks to be Husband's separate property.

¶13 Further, because the court's characterization of the Transferred Stocks as Husband's sole and separate property was not in error, Wife's arguments that the Transferred Stocks were not equitably divided also fail. A.R.S. § 25-318(A) (requiring the court to assign a spouse's sole and separate property to that spouse).

## B. Characterization and Division of Schwab IRA.

¶14 Wife argues that if Husband's evidence regarding the Transferred Stocks was sufficient to prove it was sole and separate property, then her evidence regarding the sole and separate character of the Schwab IRA should likewise be sufficient to establish that asset as her sole and separate property. But this position contradicts Wife's joint pretrial statement and testimony.

¶15 Divorcing parties must exchange and file a pretrial statement. *See* ARFLP 76.1. "The pretrial statement controls the subsequent course of the litigation and is intended to avoid unfair surprise at trial." *Bobrow v. Bobrow*, 241 Ariz. 592, 598 ¶ 28 (App. 2017) (cleaned up).

¶16 In her joint pretrial statement, Wife represented that the Schwab IRA was a rollover account containing premarital funds. However, she also stated she was "unable to obtain documentation to support this [position]," and she "propose[d] this account be divided equally." At trial, although Wife again equivocated as to the characterization of the Schwab IRA, she ultimately testified she did not have documentation to support her position and could not prove that it was her sole and separate property. In any event, Wife asked the court to adopt the recommendation she made regarding the disposition of the Schwab IRA; that is, that the account be split equally between Wife and Husband. This is exactly what the court did, and we do not believe this was error. Wife conceded any dispute she could have argued to contest the presumption that the Schwab IRA was community property. On this record, we conclude Wife was bound by her position in her pretrial statement, her trial testimony, and her request that the court divide the Schwab IRA equally.

### C.    Debt Division.

**¶17**    Wife also claims the court inequitably divided some community debts. She argues she paid $27,000 from her sole and separate property to discharge tax liability allegedly related to Husband's inheritance and therefore should be awarded an equalization to reimburse her for use of her separate property to satisfy the debt. She further claims the community should be responsible for $10,000.00 in credit card debt she incurred before filing of the Petition to pay her attorneys' fees in this case.

**¶18**    As to Wife's claim regarding the tax debt, Arizona presumes that when a spouse makes a voluntary payment using their separate property to pay a community expense during marriage, that payment is a gift to the community. *See Baum v. Baum*, 120 Ariz. 140, 146 (App. 1978). In such cases, the paying spouse is entitled to reimbursement "[o]nly if there is an agreement" to reimburse. *Id.*; *Bobrow*, 241 Ariz. at 595 ¶ 9. Tax debts that arise during marriage are presumed to be community liabilities, unless proven otherwise by clear and convincing evidence. *See Hammett v. Hammett*, 247 Ariz. 556, 562 ¶ 29 (App. 2019).

**¶19**    Here, Wife offered no evidence that she had an agreement with Husband to reimburse her for payment of the tax debt using her separate property. Thus, although the court did not address this issue, her claim for equalization fails for this reason, and we must affirm the court's denial of that claim. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) ("We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court.").

**¶20**    Moreover, the court observed Wife failed to present evidence sufficient to determine what percentage of that debt was attributable to Husband's separate property, if any, and therefore denied Wife's request for equalization stemming from her payment of that debt. The record supports that determination.

**¶21**    Wife did provide evidence that a payment was made to the Internal Revenue Service. But Wife's testimony alone points to Husband's inheritance as the origin of the tax debt, and nothing establishes what proportion of the tax debt was due to Husband's inheritance. It was within the court's discretion to disregard Wife's uncorroborated testimony. *Dumes*, 2 Ariz. App. at 388 ("The uncontradicted testimony of an interested party may be rejected."). We are required to view the evidence in the light most favorable to upholding the decree and not reweigh the evidence. *Bowser*, 249 Ariz. at 456 ¶ 8; *Brown*, 194 Ariz. at 92 ¶ 36. Thus, the court correctly

denied Wife equalization for payment of the tax debt because the evidence she offered was insufficient.

¶22 Regarding Wife's claim that the court erred in not treating her $10,000 in attorneys' fees as a community obligation, Wife cites *Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 384, ¶¶ 7, 10 (App. 2010), for the proposition that pre-petition fees may benefit the community by facilitating the orderly and lawful division of assets and such fees need not be incurred with the primary intent to benefit the marital community for them to constitute a community obligation. While this may be true in "certain circumstances" for "some cases," the *Curtiss* case does not require a court to presume that pre-petition attorneys' fees benefit the parties' marital community. *Curtiss*, 225 Ariz. at 384 ¶¶ 7, 10. Instead, the party claiming that such pre-petition fees are community in nature bears the burden of affirmatively establishing that "some benefit was intended for the community." *Id.* at 384 ¶ 10.

¶23 Here, the record establishes only that Wife believed her $10,000 expenditure on pre-petition fees should be a community obligation because "as far as [she knew, Husband] used community funds to pay his attorney fees, as well[,]" and she felt "it's [fair] for . . . it to be considered community." There is little in the record regarding how Husband obtained funds for his attorneys' fees. His testimony at trial was that he sold his sole and separate stock. But regardless of whether Husband used community funds to pay for his fees or not, Wife's testimony was insufficient to prove that her incurring of debt for fees intended some benefit for their marital community. Thus, the court did not err in assigning Wife the $10,000 charge for her pre-petition attorneys' fees as her sole and separate debt.

## II. Return of Certain Personal Property.

¶24 In his pretrial statement Husband disclosed a list of certain items of personal property he wanted to be returned after Wife vacated the marital residence. At trial, he reiterated his desire for Wife to return those items. Wife replied she thought Husband's request for these items was "a bit petty," but otherwise did not contest the request.

¶25 On appeal, Wife objects to the return of Husband's personal property, arguing the court failed to "conclusively establish that the additional property items requested by Husband were in Wife's possession" or to establish the value of these items. However, because Wife did not raise these arguments below, we decline to address them here. *See*

*McDowell Mountain Ranch Land Coal. v. Vizcaino*, 190 Ariz. 1, 5 (1997) (parties may not raise arguments for the first time on appeal).

### III.    Attorney's Fees

**¶26**        As a final matter, Wife objects to the court's denial of her request for attorney's fees, which we review for abuse of discretion. *See Magee v. Magee*, 206 Ariz. 589, 590 ¶ 6 (App. 2004). Wife challenges the court's findings pursuant to A.R.S. § 25-324(A) that Husband did not act unreasonably in the litigation. Wife asserts Husband's behaviors were unreasonable, but the trial court found that neither party acted unreasonably in the litigation. The record supports that finding. Therefore, the court did not abuse its discretion by denying Wife's request for attorney's fees.

### CONCLUSION

**¶27**        Because Wife has shown no error, we affirm the decree.

**¶28**        Both parties request an award of their respective attorney's fees under A.R.S. § 25-324 and taxable costs on appeal. In our discretion, we award Husband his reasonable attorney's fees on appeal pursuant to A.R.S. § 25-324(A), given the comparative state of the parties' financial resources and the positions they have taken on appeal. We additionally award Husband his taxable costs. Husband's award of fees and costs is contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA