NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SHERIDAN EQUITIES HOLDINGS, LLC.,
*Plaintiff/Appellant*,

*v.*

SWARTZ & BROUGH INC., et al.,
*Defendants/Appellees*.

No. 1 CA-CV 19-0012
FILED 11-26-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2014-055780
The Honorable Aimee L. Anderson, Judge (Retired)
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

---

COUNSEL

William Edward Conner, LLM, Phoenix
*Counsel for Plaintiff/Appellant*

Gordon Rees Scully Mansukhani, LLP, Phoenix
By John L. Condrey, Annelise M. Dominguez
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**T H U M M A,** Judge:

**¶1**          Plaintiff Sheridan Equities Holding, LLC (Sheridan) challenges the entry of summary judgment in favor of defendants, including Swartz & Brough Inc. (collectively S&B). Sheridan also argues the superior court erred in striking its late-filed notice of discovery, in denying Sheridan's motion to reopen discovery and in awarding attorneys' fees to S&B. Because Sheridan has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In 2009, Sheridan and S&B entered into a written property management agreement in which Sheridan agreed to manage properties owned by S&B in Arizona. In November 2014, Sheridan filed this case against S&B, alleging various contract, tort and equitable claims and seeking compensatory and punitive damages and other relief. Over time, Sheridan limited the claims to breach of contract, breach of fiduciary duty/failure to account and impairment of equitable interest and limited the relief requested to compensatory damages, attorneys' fees and costs.

**¶3**          After resolution of some procedural matters, S&B filed an answer in April 2015. Accordingly, initial disclosure statements were due in June 2015. *See* Ariz. R. Civ. P. 26.1(f)(1) (2019).[1]

**¶4**          In February 2016, S&B moved for summary judgment based on Sheridan's failure to respond to requests for admission. When Sheridan failed to timely respond, S&B sought summary adjudication. Ultimately, the court denied S&B's motion for summary judgment, finding "material facts that are clearly in dispute" based on the parties' answers to requests for admission. In doing so, the court "admonished and ordered" the parties

---

[1] Although the Arizona Rules of Civil Procedure were amended at least twice during the pendency of this appeal, the parties on appeal cite to the current version of Rule 26.1, a convention used in this decision (with the exception of Rule 29 as discussed in footnote 2).

"to comply with the rules of procedure specifically as it pertains to complying with discovery requests, serving discovery requests, as well as filing of motions, responses and replies thereto."

¶5            In May 2016, the court set various deadlines: written discovery to be completed by mid-November 2016; fact depositions to be completed by February 20, 2017; expert depositions to be completed by April 20, 2017; mediation to be completed by May 1, 2017 and dispositive motions to be filed by May 20, 2017. The appellate record shows no court filings between this May 2016 scheduling order and April 2017, when S&B filed a request for settlement conference, noting they had "been unable to get any response from [Sheridan's] counsel in order to set a mediation." The court granted that request days later.

¶6            In mid-June 2017, S&B filed a motion for sanctions, including seeking termination of the case and precluding evidence, based on Sheridan's "absolute lack of prosecution and continuous violation of the Court's orders and the Rules of Civil Procedure" throughout the case. Along with the history summarized above, this motion stated Sheridan had "fail[ed] to provide any disclosure statement, disclose any documents or witnesses, notice any depositions or identify any experts." The motion recounted S&B's counsel contacting Sheridan's counsel "on multiple occasions requesting responses," and Sheridan's counsel providing "no responses" with one exception, when Sheridan's counsel sought to provide responses to November 2016 discovery requests in late April 2017.

¶7            Sheridan's mid-July 2017 response to the motion for sanctions was untimely. The response argued S&B's motion failed to include a certificate showing good faith consultation, "relie[d] on discovery matters in the past that have been addressed," ignored S&B's own purported failures and did not show "any prejudice or harm." Sheridan's response, however, conceded S&B had disclosed 14,000 documents as well as witnesses and also conceded that Sheridan, itself, had never provided a Rule 26.1 disclosure statement.

¶8            In late July 2017, Sheridan made a couple of relevant filings, including a notice of providing disclosure statement (on July 25, 2017) and a motion to re-open discovery to pursue document discovery and depositions. S&B quickly moved to strike the disclosure statement. Sheridan failed to respond to that motion to strike.

¶9            In a September 2017 minute entry, the court (1) denied S&B's motion for sanctions, noting it "lacked the filing of a certificate of good faith

consultation, as required;" (2) granted S&B's motion to strike Sheridan's disclosure statement, noting Sheridan had not opposed the motion and the disclosure statement (the only Rule 26.1 disclosure Sheridan provided) was "well over three months after Discovery in this case closed;" and (3) denied Sheridan's motion to re-open discovery, finding Sheridan "has failed to show good cause." At no time did Sheridan remedy its disclosure and discovery issues.

¶10 In April 2018, S&B moved for summary judgment, or in the alternative for summary adjudication, "on the basis that [Sheridan] cannot prove any of its causes of action," given it "has failed completely to disclose support for its claims and has not disclosed documents or witnesses to support any claim outside of the allegations in the Complaint, which are insufficient." After full briefing and oral argument, in October 2018, the court granted this motion for summary judgment, finding "[i]t is undisputed that Plaintiff failed to disclose any witnesses, information, legal theory or documents to support its claims or measure of damages in a Rule 26.1 disclosure. The Court previously found that good cause did not exist to re-open discovery."

¶11 After entry of final judgment awarding S&B attorneys' fees and costs, *see* Ariz. R. Civ. P. 54(c), Sheridan timely appealed. This court has jurisdiction over Sheridan's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶12 Sheridan argues the superior court erred in: (1) striking its disclosure statement and denying its motion to reopen discovery; (2) granting summary judgment for S&B; and (3) awarding attorneys' fees to S&B pursuant to A.R.S. § 12-341.01.

### I. The Court Did Not Err in Striking Sheridan's Disclosure Statement and Denying Its Motion to Reopen Discovery.

¶13 "A trial court has broad discretion in ruling on disclosure and discovery matters, and this court will not disturb that ruling absent an abuse of discretion." *Marquez v. Ortega,* 231 Ariz. 437, 441 ¶ 14 (App. 2013). Courts are encouraged "to take firm, active roles in the application and enforcement of" disclosure and discovery rules "that were specifically designed to curb discovery abuse, excessive cost, and delay." *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287 (1995). Superior courts are "better able . . . to decide if a disclosure [or discovery] violation has occurred in the context

of a given case and the practical effect of" such a violation. *Solimeno v. Yonan,* 224 Ariz. 74, 77 ¶ 9 (App. 2010). A reviewing court does not "substitute [its] discretion for that of the trial court," *Marquez*, 231 Ariz. at 441 ¶ 14, and the evidence is considered "in the light most favorable to upholding the superior court's ruling," *Dowling v. Stapley*, 221 Ariz. 251, 266 ¶ 45 (App. 2009).

### A. The Court Properly Struck Sheridan's Late Disclosure Statement.

**¶14**        Sheridan argues the delay in providing its disclosure statement was harmless and therefore the court erred in granting S&B's motion to strike. The rules required Sheridan to provide its initial disclosure statement soon after the pleadings closed (June 2015), supplement soon after any new information was discovered and comply with court-ordered deadlines. Ariz. R. Civ. P. 26.1(f). The purpose of these disclosure obligations "is to allow the parties 'a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less.'" *Allstate Ins. Co.*, 182 Ariz. at 287 (quoting *Bryan v. Riddel*, 178 Ariz. 472, 476 n.5 (1994)). Although Rule 26.1 "should be interpreted to maximize the likelihood of a decision on the merits," *Allstate*, 182 Ariz. at 287, if a party fails to make timely disclosure, that party "may not use the information, witness, or document as evidence at trial, at a hearing, or with respect to a motion," unless a court finds there was no resulting prejudice or good cause is shown, Ariz. R. Civ. P. 37(c)(1); *see also Link v. Pima Cty.*, 193 Ariz. 336, 338–39 ¶ 4 (App. 1998) ("The trial court can exclude evidence that is not timely disclosed."). The superior court's decision to strike is reviewed for an abuse of discretion. *Dowling*, 221 Ariz. at 266 ¶ 45.

**¶15**        Sheridan's disclosures were untimely. Sheridan filed this case in November 2014, S&B answered in April 2015 and discovery closed in April 2017. Yet Sheridan did not provide any Rule 26.1 disclosure until July 2017. Sheridan then failed to respond to S&B's motion to strike that July 2017 disclosure. Although Sheridan correctly notes there is a general preference for courts to resolve actions on their merits (rather than on procedural deficiencies), *see Allstate*, 182 Ariz. at 287, Sheridan did not comply with its duty to make disclosures, including after the deadline for disclosures passed, and did not request an extension to do so before that deadline passed.

**¶16**        Sheridan asserts the lack of any "surprises or new information" in its July 2017 disclosure statement meant "[t]here was absolutely no prejudice given a trial date not even [having] been set nor was

there any time sensitive period of time." Sheridan's disclosure, however, came 45 days after a June 2017 conference set by the court *in May 2016* "for the purpose of assigning a trial date." Although that June 2017 conference was later continued to late July 2017, Sheridan's failure to engage in setting a settlement conference apparently caused that delay. And even then, Sheridan provided the untimely disclosure just three days before the rescheduled trial setting conference. The superior court could properly conclude that Sheridan's delay, resulting in the trial setting being delayed, should not then be used by Sheridan to prevent the court from striking tardy disclosures because no trial had been set. *Cf. Zimmerman v. Shakman*, 204 Ariz. 231, 236 ¶ 16 (App. 2003) ("[W]hen a trial has not been set, or is many months away, the opposing party is not necessarily prejudiced by some delay.").

**¶17**        In the end, the default rule is that "a party who fails to timely disclose . . . may not use the information, witness, or documents as evidence at trial, at a hearing, or with respect to a motion." Ariz. R. Civ. P. 37(c)(1). When providing notice of its disclosure in late July 2017, Sheridan provided no explanation for its late disclosure statement, failed to request an extension of deadline that had passed, and failed to oppose S&B's motion to strike. Moreover, Sheridan's July 2017 disclosure stated it was "merely a preliminary, initial disclosure made until further information is obtained regarding the specifics of the matter," adding it was done "in the preliminary stages of discovery and that the parties had limited access to information at the time this statement was filed." And all this occurred after the court had admonished the parties for failing to "comply with the rules of procedure specifically as it pertains to complying with discovery requests, serving discovery requests, as well as filing of motions, responses and replies." On this record, Sheridan has not shown the court abused its discretion by striking its untimely disclosure statement.

> **B.      The Court Properly Denied Sheridan's Motion to Reopen Discovery.**

**¶18**        Sheridan challenges the September 2017 order denying its motion to reopen discovery. "A party may move to modify any procedure governing or limiting discovery or disclosure," by "(1) set[ting] forth the modification sought; (2) show[ing] good cause for the modification; and (3)

comply[ing] with Rule 26(g)." Ariz. R. Civ. P. 29(b) (2017);[2] *see also Marquez*, 231 Ariz. at 443 ¶ 23 (listing factors used to determine good cause).

**¶19**　　　　Sheridan argues[3] good cause existed to reopen discovery because S&B disclosed thousands of documents, failed to include certain e-mail attachments, and disclosed an expert shortly before the close of discovery. Even though these actions occurred before the close of discovery, Sheridan did not seek to extend discovery before that deadline had passed. Instead, Sheridan filed its motion to reopen discovery three months after the close of discovery, and more than a month after S&B moved for sanctions. The superior court then denied Sheridan's motion to reopen discovery, concluding S&B's "disclosure of previous documents was proper and adequate" and "disclosure of their expert witness was timely" and Sheridan had "failed to show good cause." Sheridan has not shown the court abused its discretion in denying the motion.

**¶20**　　　　Sheridan complains its counsel is a sole practitioner burdened by a "data dump" of documents lacking essential e-mail attachments and the disclosure of an expert witness eight days before the close of discovery was "late." Sheridan's arguments, however, are contrary to the superior court's findings on the point and lack evidentiary support. Moreover, Sheridan's failure to engage in disclosure or discovery as required by the rules, or to avail itself of any procedural tools before the deadlines passed, undermines this argument. Sheridan never filed any requests for an extension of the discovery deadline, never attempted to notice S&B's expert for deposition and never complained about any missing documents in any motion practice until long after the discovery deadline had passed. Furthermore, the purported "data dump" by S&B took place in November 2016. Discovery, however, did not close until April 2017, and Sheridan has not shown it could not analyze, follow up on and engage in disclosure and discovery during that six-month period. Because S&B's disclosures were

---

[2] Although later amended effective July 1, 2018, see Ariz. R. Civ. P. Application Provisions of Order No. R-17-0010, 60 (2017), https://www.azcourts.gov/Portals/20/2017%20Rules/17-0010.pdf, the text quoted is from Rule 29 as it existed in 2017.

[3] In pressing these arguments on appeal, Sheridan repeats, virtually verbatim, arguments the superior court rejected, and also seeks to raise a Rule 56(d) argument that it did not raise with the superior court, meaning it is waived. *See Odom v. Farmer's Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived.").

proper and Sheridan failed to engage in disclosure and discovery or use the procedural tools at its disposal, Sheridan has not shown the superior court erred in denying its motion to reopen discovery.

## II. The Court Properly Granted Summary Judgment in Favor of S&B and Against Sheridan.

**¶21** Sheridan argues the superior court erred in granting summary judgment by ignoring relevant evidence. This court reviews the grant of summary judgment de novo. *Ochser v. Funk*, 228 Ariz. 365, 369 ¶ 11 (2011). A "court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶22** In the context of a defendant's motion for summary judgment, if the "plaintiff cannot establish a prima facie case worthy of submission to a jury," then the "defendant is necessarily entitled to judgment as a matter of law." *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 292 ¶ 18 (App. 2010); *accord Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213 ¶ 16 (App. 2012) (plaintiff has burden of establishing claims with admissible evidence). "[A] party opposing a motion for summary judgment may not rest on the pleadings; it must respond with specific facts showing a genuine issue for trial." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287 ¶ 15 (App. 2000); *accord* Ariz. R. Civ. P. 56(e). If Sheridan did not present admissible evidence to contradict the facts supported in S&B's motion, those facts may be accepted as true. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990); *accord* Ariz. R. Civ. P. 56(c).

**¶23** S&B supported its motion for summary judgment with a separate statement of facts, containing 15 paragraphs, in compliance with the applicable rules. *See* Ariz. R. Civ. P. 56(c). Sheridan's response did not object to the admissibility of any evidence relied upon by S&B in its motion. *See* Ariz. R. Civ. P. 56(c)(4). Accordingly, the superior court properly could consider the facts provided by S&B.

**¶24** Sheridan's response included a separate statement of facts, both addressing the 15 paragraphs provided by S&B as well as offering 16 additional paragraphs. For the facts shown by S&B, Sheridan only attempted to materially dispute paragraphs 2 and 3. That attempt, however, was based on a July 2018 affidavit of Sheridan's manager, containing various facts and assertions not previously disclosed by Sheridan pursuant to Rule 26.1 or in any other timely disclosure. Because this information was not previously disclosed, the superior court properly refused to consider it

in addressing S&B's motion. Indeed, even if the superior court had not struck Sheridan's untimely disclosure in 2017, it properly could have refused to consider this affidavit disclosed nearly a year later.

**¶25**     The remainder of Sheridan's separate statement of facts, although citing documents disclosed by S&B, does so for factual and legal propositions not previously disclosed. To support its claims, Sheridan was required to disclose the factual basis of its claims as well as exhibits it intended to rely upon, even if those documents were disclosed by S&B. *See* Ariz. R. Civ. P. 26.1(a)(1) & (8). Sheridan, however, failed to do so.

**¶26**     Sheridan also claimed that it could "rely on the evidence disclosed by" S&B, adding that S&B had "failed to depose the representative of the entity." However, Sheridan (not S&B) was the plaintiff with the burden of proof. Sheridan has cited no authority for the proposition that summary judgment should be denied because a defendant does not depose any witnesses. Sheridan relied on S&B's disclosure to support the following statement of fact: "As a result of Defendants ceasing to make payments and making slow payments to Plaintiff to cover normal occurring operating expenses as contemplated by their contract, Plaintiff was forced to pay expenses rightfully incurred by Defendant in order to sustain the business relationship." The portion of S&B's disclosure offered to support this statement lists Sheridan's manager as a person believed to have knowledge relevant to the dispute and that "[i]t is anticipated that his testimony will be in alliance with the claims against the defendants in this matter." Even if Sheridan could rely on S&B's disclosure, Sheridan has not shown how this proposition would defeat entry of summary judgment against it.

**¶27**     On this record, S&B adequately "point[ed] out by specific reference to the relevant discovery that no evidence existed to support [the] essential element[s]" of Sheridan's claims. *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986)). Because there were no disputed issues of material fact, entry of summary judgment against Sheridan was proper.

## III.     The Superior Court Properly Awarded S&B Attorneys' Fees.

**¶28**     After briefing from both parties, the superior court granted S&B's request for attorneys' fees pursuant to A.R.S. § 12-341.01(A), which provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Sheridan argues the superior court erred in awarding fees under

9

A.R.S. § 12-341.01 because the parties' contract has an express attorneys' fee provision.

**¶29**        The parties' contract provides, "[s]hould either party bring any action to enforce any of the terms of this Agreement, the prevailing party shall be entitled to recover court costs and reasonable attorney fees and costs." Contrary to Sheridan's argument, even where there is a contractual provision governing attorneys' fees, A.R.S. § 12-341.01 continues to apply as long as it does not "effectively conflict[] with an express contractual provision governing recovery of attorney's fees." *Am. Power Products, Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368 ¶ 14 (2017) (quoting *Jordan v. Burgbacher*, 180 Ariz. 221, 229 (App. 1994)). Indeed, "rather than being completely supplanted by any attorney fee provision in the parties' contract, the statute—consistent with its plain language—applies to 'any contested action arising out of contract' to the extent it does not conflict with the contract." *CSK Auto*, 242 Ariz. at 368 ¶ 14. Therefore, the express contractual provision here does not categorically preclude an award of attorneys' fees pursuant to A.R.S. § 12-341.01. Only where the two conflict is the statute displaced by contract; otherwise the statute is incorporated into the contract. *See id.*

**¶30**        Sheridan does not identify a material difference in the standard for an award of fees when comparing A.R.S. § 12-341.01 with the parties' contract. The one arguable textual difference is that a fee award under the statute is discretionary and the award under the parties' contract is mandatory. *Compare* A.R.S. § 12-341.01(A) ("the court may") *with* the Contract ("the prevailing party shall be entitled to recover").[4] However, awarding S&B's request under the statute afforded the superior court discretion and, as such, favored Sheridan or placed it in the same situation as if the contract provision was applied. Therefore, any conflict between the statute's discretionary award and the contract's mandatory award was not prejudicial to Sheridan.

---

[4] Another difference is that the parties' contract uses the term "prevailing party," while A.R.S. § 12-341.01 uses the term "successful party." On the record presented, this difference does not alter the analysis. *See CSK Auto*, 242 Ariz. at 368 ¶ 15 ("Because the [contract] did not define 'prevailing party' and expressly provided that Arizona law shall apply . . . and because . . . § 12–341.01(A) does not directly conflict with the [contract's] attorney fee provision, that statutory provision is 'incorporated by operation of law' into the [contract] for the limited purpose of defining 'successful party' under the circumstances presented here.").

**¶31** Sheridan argues S&B failed to properly plead a request for fees. Sheridan admits, however, that S&B's answer sought an award of fees "pursuant to A.R.S. § 12-341.01 and/or any applicable contractual or statutory provision." And, in its fee request subsequent to the court's ruling on summary judgment, S&B sought reasonable attorneys' fees "pursuant to A.R.S. § 12-341.01." Given the interplay between the contractual provision and the statute, and the lack of any material conflict in the standards, S&B properly sought attorneys' fees pursuant to A.R.S. § 12-341.01. *See CSK Auto*, 242 Ariz. at 368 ¶ 14. Accordingly, Sheridan's challenge to the award of attorneys' fees to S&B by the superior court fails.

**¶32** Both Sheridan and S&B seek an award of attorneys' fees and taxable costs on appeal pursuant to A.R.S. §§ 12-341 and -341.01; Sheridan also seeks attorneys' fees pursuant to the terms of the parties' contract. Sheridan's request is denied; S&B's request for reasonable attorneys' fees and taxable costs on appeal is granted contingent upon S&B's compliance with Ariz. R. Civ. App. P. 21.

## CONCLUSION

**¶33** The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

11