NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEBRA L. PALESTINA, *Plaintiff/Appellee*,

*v.*

JUDI MCMILLIN, *Defendant/Appellant*.

No. 1 CA-CV 21-0560
FILED 5-26-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-003751
The Honorable Sherry K. Stephens, Judge, *Retired*

**AFFIRMED**

COUNSEL

Cronus Law PLLC, Phoenix
By Yash Pahwa, Joel T. Fugate
*Counsel for Plaintiff/Appellee*

Mark A. Tucker PC, Mesa
By Mark A. Tucker
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1          Judi McMillin ("Landlord") appeals the superior court's judgment in favor of Debra L. Palestina ("Tenant"), finding Landlord wrongfully withheld a portion of Tenant's security deposit and, in turn, awarding her statutory damages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Landlord and Tenant entered into a residential lease agreement ("the Lease") beginning in November 2015 for a property ("the Property") located in Scottsdale. Two lease addendums, a lease extension, and a revision to the lease were executed over the years, and the refundable security deposit increased from $500 to $5,500. The term of the lease ended November 3, 2019—such date set forth in a revised lease agreement executed by both parties.

¶3          A day after termination of the Lease, and having "timely vacated the [P]roperty," the parties conducted a joint move-out inspection. About a week later, Tenant mailed and emailed Landlord a letter requesting the return of her $5,500 security deposit. On November 23, 2019, Landlord provided Tenant with her security disposition statement—an itemized list of deductions together with the amount due by Tenant, which exceeded her security deposit. Most of the deductions claimed were for rehabilitation of the Property after Tenant purportedly made unauthorized alterations/improvements to the Property during her tenancy—in violation of line items 193 through 195 of the Lease, which required Tenant to obtain Landlord's "written consent" before making such changes.

¶4          On January 22, 2020, Tenant mailed and emailed Landlord her objection to the security disposition statement. Tenant thereafter filed the instant action, claiming, in pertinent part, Landlord wrongfully withheld her security deposit pursuant to Arizona Revised Statutes ("A.R.S.") § 33-1321, and Landlord counterclaimed.

¶5 Following a one-day bench trial, the superior court found Landlord wrongfully withheld Tenant's security deposit in the amount of $3,030, and thus awarded her a total of $9,090 in statutory damages. *See* A.R.S. § 33-1321(E). Landlord timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6 When reviewing a court's judgment following a bench trial, we view the evidence in the light most favorable to upholding the judgment. *Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, 468, ¶ 20 (App. 2021). We will sustain the court's factual findings unless they are "clearly erroneous." *Id.* A finding of fact is not clearly erroneous "if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003). However, we review questions of law, including the interpretation of statutes and contracts, de novo. *Florence Copper Inc.*, 251 Ariz. at 468, ¶ 20.

¶7 As an initial matter, our review of the record reveals only limited excerpts from the bench trial transcript (provided in Tenant's answering brief). While the court outlined its findings within a minute entry, the "reasons" for such findings were "stated on the record," the transcript of which was —not provided on appeal. It is an appellant's "obligation to provide transcripts and other documents necessary to consider the issues raised on appeal." *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014). As such, we "presume the items not included in the appellate record support [the] trial court's ruling." *Id.*; *see also Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); ARCAP 11(c)(1)(B).

¶8 Landlord argues the court erred in its award to Tenant because the Lease required Tenant to obtain Landlord's prior written consent before making any alterations/improvements to the Property. Because Tenant did not do so, Landlord asserts she was within her rights to withhold the entirety of the security deposit to cover the costs to restore the Property to its move-in condition.

¶9 The court's findings focused on the Tenant's repainting of the Property (interior), alleged damage to the garage panel door, replacement of a range top, and the alleged failure to maintain the backyard patch of grass per the Lease (instead replacing it with gravel).

¶10 The court found that Tenant did not violate the Lease by repainting the interior of the Property. The record supports the court's finding because Landlord's after-the-fact conduct and communications

reflect acceptance of the repainting. *See Ancell v. Union Station Assocs., Inc.*, 166 Ariz. 457, 460–61 (App. 1990) ("A written agreement may be subsequently modified by the parties . . . [and] [c]onduct can manifest . . . acquiescence in a modification.").

**¶11** Tenant informed Landlord of the repainting project in writing, Landlord responded she could not "wait to see it" and "want[ed] to see the beautiful paint job . . . and new projects [Tenant had] accomplished," and, Landlord later accepted Tenant's invitation for brunch at the Property, after which Landlord messaged Tenant, "The house looks amazing!!!" These exchanges are inconsistent with disapproval or rejection of Tenant's work on the Property. To the contrary, they constituted Landlord's acceptance of the changes, which constituted an "acquiescence in a modification" to the Lease's requirement to obtain written consent prior to beginning the repainting. *Id.* Therefore, the record supports the court's finding that this work did not violate the Lease. Having failed to object to them, these alterations cannot support Landlord's withholding of the security deposit.

**¶12** Further, Landlord maintained in her November 2019 itemized list of deductions that it would cost her $675 to install a new range top, $570 to replace the garage panel, and $700 to restore the backyard patch of grass. But the court found that Landlord presented no evidence to support her contentions, and Landlord does not dispute these findings on appeal. It is beyond our role to second guess the findings here. *See Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 ("It is the role of the trial court to weigh the evidence and we must give due regard to the trial court's opportunity to judge the credibility of the witnesses.") (internal citations omitted).

**¶13** Based on the above, the court found that Landlord wrongfully withheld $3,030 of the security deposit and owed Tenant damages of $9,090. *See* A.R.S. § 13-1321(D) (requiring Landlord to return a tenant's security deposit within fourteen days after the termination of the lease and delivery of possession and demand by the tenant); A.R.S. § 13-1321(E) ("If the landlord fails to comply with subsection D[,] . . . tenant may recover the property and money due to the tenant together with damages in an amount equal to twice the amount wrongfully withheld."); *see also Lisa v. Strom*, 183 Ariz. 415, 421 (App. 1995) (explaining § 13-1321(E) "allows the tenant to recover a judgment equal to three times the amount wrongfully withheld: first, the tenant can recover the money wrongfully withheld and still due; second, the tenant is allowed to receive as damages an additional amount equal to twice the amount withheld"), *disagreed with on other grounds by Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364 (2017). The court's

judgment that Landlord wrongfully withheld a portion of Tenant's security deposit is substantially supported by the record before us.

**¶14** For the first time on appeal, Landlord argues Tenant failed to timely dispute the itemized list of deductions provided to her on November 23, 2019. Such late-arriving argument is waived, and we decline to address it. *See Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 14 n.5 (App. 2007) ("As a general rule, a party cannot argue on appeal legal issues not raised below."); *see also Resol. Tr. Corp. v. City of Scottsdale*, 177 Ariz. 234, 237 (App. 1993) ("Arizona appellate courts [] have discretion to entertain arguments first raised on appeal. The general rule disfavoring such arguments is not a jurisdictional requirement[] but reflects considerations of the orderly administration of justice.").

## CONCLUSION

**¶15** For the foregoing reasons, we affirm. Pursuant to the parties' Lease, we further grant Tenant's request for an award of her reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA