NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALICIA LOREN WHARTON, *Plaintiff/Appellant*,

*v.*

JR PROPERTY HOLDINGS, LLC, *Defendant/Appellee*.

No. 1 CA-CV 23-0002
FILED 3-5-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-014098
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

By Alicia Loren Wharton, Phoenix
*Plaintiff/Appellant*

Engleman Berger, P.C., Phoenix
By Patrick A. Clisham, Michael P. Rolland
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

**F O S T E R**, Judge:

¶1　　　Appellant Alicia Wharton[1] appeals the superior court's dismissal of her complaint for breach of contract, fraud, and breach of landlord-tenant law. She also appeals an award of attorneys' fees to Appellee, JR Property Holdings, LLC ("JR"). For the following reasons, the superior court's judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　In May 2019, Wharton entered into a residential lease agreement to rent a home ("the property") from JR. In November 2020, Wharton was unable to make rent payments due to the impacts of COVID-19.[2] Wharton discussed the issue with JR and applied for rental assistance.

¶3　　　To facilitate rental assistance, JR and Wharton entered a new, month-to-month lease agreement on January 1, 2021. Wharton signed the lease as the sole tenant. Wharton paid a refundable security deposit of $3,400, agreed to pay $3,400 in rent, and established a late fee of $50. The lease also contained an integration clause, thereby superseding any prior agreements.

¶4　　　In January, JR completed a Landlord Verification Form ("LVF"), verifying unpaid rent for November, December, and January, totaling $9,835. The LVF included a provision stating, "Tenant will not be evicted for 30 days following the date payment is received." Two days later,

---

[1] During the relevant time periods of this matter Appellant, was also known as Alicia Loren Brevetti.

[2] On March 24, 2020, Arizona Executive Order 2020-14 was issued and prohibited enforcement of eviction actions for 120 days. That order was extended through October 31, 2020. A federal order remained in place and limited the enforcement of eviction actions but not the ability to obtain judgments.

JR filed an eviction action, later obtaining a judgment in the amount of $10,778. On February 15, 2021, JR received a $6,000 rental assistance check.

**¶5**   In March 2021, a car crashed through the property's exterior wall, causing property damage that JR failed to repair for six months.

**¶6**   In April of 2021, Wharton reapplied for rental assistance, and JR submitted a second LVF for unpaid rent for January through April, totaling $14,778. The second LVF from JR stated "that upon receipt of rental payment, any judgement for eviction shall be vacated, all eviction actions shall be dismissed, and the Tenant will not be evicted for the months in which rent is paid by this program. This could include rental payments for three months into the future."

**¶7**   On July 23, 2021, JR received a rental assistance payment of $24,978, settling the outstanding balance of the initial judgment and other overdue rent. On August 2, 2021, JR issued Wharton a 30-day notice to terminate the month-to-month lease for the purpose of selling the property. Although the notice specified August 31, 2021, as the move-out-date, considering the notice's service date, the court found Wharton had until September 20, 2021, to vacate. *See* A.R.S. § 33-1375(B).

**¶8**   On August 19, 2021, JR provided Wharton with a Ten-Day Notice to Quit, citing unauthorized tenants in the property. JR insisted that Wharton either remove her husband, Kai Wharton, from the residence or risk eviction due to his absence from the lease.

**¶9**   Once more, Wharton fell behind on rent, prompting JR to initiate a lawsuit on September 15, 2021, resulting in a court judgment for unpaid rent totaling $4,787.33. Wharton first filed a complaint against JR, but later amended the complaint in 2022, alleging seven counts. JR twice offered to waive the $4,787.33 judgment against Wharton before filing dismissal motions, but Wharton declined both times, instead requesting $35,000 to settle. Wharton vacated the property on September 29, 2021. JR retained the security deposit, applying almost all of it to the property damage repair invoice and unpaid rent rather than issuing a refund. Unable to reach a settlement agreement, JR proceeded to file its motion to dismiss.

**¶10**   The court granted JR's motion to dismiss all counts in the amended complaint. However, in the Judgment of Dismissal, the court initially denied JR's request for attorneys' fees, considering the potential financial hardship on Wharton. But JR sought a fee award under the mandatory fee-shifting provision, which required that the prevailing party "shall be awarded all their reasonable attorney fees and costs."

Subsequently, JR filed a motion to amend, which the trial court granted, leading to the entry of the fee order. Wharton timely appealed. This Court has jurisdiction under A.R.S. § 12–2101(A)(1).

## DISCUSSION

¶11 Dismissal under Rule 12(b)(6) is appropriate when, "as a matter of law . . . plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *CVS Pharmacy, Inc. v. Bostwick in & for Cnty. of Pima*, 251 Ariz. 511, 515–16, ¶ 10 (2021) (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). Because an appeal from a 12(b)(6) dismissal is a question of law, it is reviewed *de novo*. *Fappani v. Bratton*, 243 Ariz. 306, 309, ¶ 8 (App. 2017).

¶12 "Arizona follows a notice pleading standard." *Cullen v. Auto–Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008). In a 12(b)(6) motion, the truth of all well-pled facts is assumed, as well as all reasonable inferences from those facts. *Id.* at 419, ¶ 7. Mere conclusory statements are insufficient. *Id.* Exhibits or public records referenced are considered part of the pleading and may be considered, but if "matters outside the pleading" are considered, the motion to dismiss is converted to a motion for summary judgment. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

¶13 A motion to dismiss is not a procedure for resolving disputes about the facts or merits of a case. *Id.* at 363, ¶ 46. Instead, the narrow question presented by a motion to dismiss for failure to state a claim is whether facts alleged in a complaint are sufficient "to warrant allowing the [plaintiff] to attempt to prove [her] case." *Id.*

**A. The Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing Claims were properly dismissed.**

¶14 Wharton argues JR breached the lease agreement by failing to repair the property after a car crashed into an exterior wall, causing damage that remained unrepaired for over six months. She also argues JR breached A.R.S. § 33-1324 of the Arizona Residential Landlord and Tenant Act ("ARLTA")—requiring the landlord to maintain fit premises by failing to repair the wall, thereby suffering annoyance and discomfort.

¶15 Because Arizona is a notice pleading state, a complaint need only have "a statement of the ground upon which the court's jurisdiction depends, a statement of the claim showing that the pleader is entitled to relief and a demand for judgment." *Rowland v. Kellogg Brown & Root, Inc.*, 210 Ariz. 530, 533 (App. 2005) (citations omitted); *see also* Ariz. R. Civ. P.

8(a). Relief in the alternative or of several different types may be demanded. Ariz. R. Civ. P. 8(a)(3). Although Wharton's Amended Complaint set forth her belief of why she deserved relief, that is not sufficient. The complaint must establish that she is "entitled to relief"—something that she cannot show.

### 1. Breach of Contract.

¶16          Wharton argues her breach of contract claim should be allowed to proceed to trial because the damage from the car crash allegedly rendered one-half of the property unusable. Her amended complaint contends JR's failure to repair this damage should result in an abatement of the rent that must be refunded to her, an "amount of $11,900 for one half of the rent for seven months." But even assuming that an abatement of rent is warranted, Wharton is not entitled to this relief as a matter of law because she did not make any payments during this period—a rental assistance program did.

¶17          A similar circumstance was addressed in *Anderson v. District of Columbia Housing Auth.*, 923 A.2d 853 (D.C. 2007), which we find persuasive. The court in *Anderson* determined that funds paid to the landlord by a housing authority remained public funds. *Id.* at 860–61. The court held that while the tenant is entitled to a unit in a habitable condition, "she is not entitled to receive moneys paid by DCHA, . . . regardless of the diminished value of the unit she occupied." *Id.* This reasoning is also applicable here. For purposes of the motion to dismiss, we must assume half of the property was not habitable, *see Cullen*, 218 Ariz. at 419, ¶ 7, which *could* raise a potential claim for overpayment of rent, *see* A.R.S. §§ 33-1324(A)(2), 33-1365; *accord Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 12 (App. 2020) (observing that "in an action based on nonpayment of rent… a tenant may counterclaim for any amounts recoverable under a rental agreement if the landlord did not comply with its obligations"). Nevertheless, Wharton cannot state a claim for rebate of moneys she did not herself pay, even when paid on her behalf. While the Government may have a valid claim for reimbursement, Wharton does not. Because Wharton did not pay rent during the period that she complained about the breach, she has not demonstrated that she would be entitled to damages.

¶18          "It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30 (App. 2004). Because she could claim no monetary damages, Wharton's proper remedy was to "obtain injunctive relief for any

noncompliance by the landlord with the rental agreement or with § 33-1318 or 33-1324." A.R.S. § 33-1361(B). She did not seek this relief, and therefore it was waived. *See Sitton v. Deutsche Bank Nat'l Tr. Co.*, 233 Ariz. 215, 218, ¶ 12 (App. 2013) (failure to obtain injunctive relief waives that claim).

### 2. Breach of Covenant of Good Faith and Fair Dealing.

**¶19**        Wharton argues JR breached the implied covenant of good faith and fair dealing inherent in the lease agreement by failing to promptly repair the property after the car crash, thereby depriving her of the benefit of her lease and the LVF by falsely promising to refrain from filing an eviction action.

**¶20**        The duty of good faith and fair dealing "'arises by virtue of a contractual relationship.'" *Cavallo v. Phx. Health Plans, Inc.*, 254 Ariz. 99, 104, ¶ 17 (2022) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986)). "'The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship.'" *Id.* (quoting *Rawlings*, 151 Ariz. at 163). The duty has been implied to all contracts, as a matter of law, *United Dairymen of Ariz. v. Schugg,* 212 Ariz. 133, 137, ¶ 15 (App. 2006), and the duty may even be violated "without breaching an express provision of the underlying contract," *id.; see also Beaudry v. Ins. Co. of the W.,* 203 Ariz. 86, 91, ¶ 18 (App. 2002) (quoting *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund,* 201 Ariz. 474, 491, ¶ 64 (2002)). Where, as here, a claim is based on a contract, a plaintiff must allege and prove contract damages as a necessary element of the claim. *See Wells Fargo Bank*, 201 Ariz. at 491, ¶ 61.

**¶21**        Here, Wharton argues JR breached its duties under the lease agreement and pursuant to the ARLTA by failing to repair the damage to the property from the car crash in a timely manner. She alleges that this failure deprived her of the benefit of her lease contract. But as explained above, Wharton is incapable of establishing contract damages. As such, her claim for breach of the covenant of good faith and fair dealing fails as a matter of law.

**¶22**        Wharton further alleges the two LVFs signed by JR prohibited it from filing the lawsuits that led to the judgments against her for past due rent. She contends that JR's lawsuits deprived her of the benefit of the protections the LVFs were intended to afford her. As JR correctly notes, the LVFs did not prohibit filing of lawsuits before payment of rental assistance had been received. Instead, by their express terms, the commitment in the

LVFs required only that JR not sue for eviction for nonpayment of any rental amounts covered by rental assistance *received* and that any judgments obtained before receipt of assistance be vacated or satisfied after such was paid. Though the LVFs were signed and Wharton was in the process of applying for rental assistance, JR had not received the applicable assistance funds before commencing either of its two lawsuits. Therefore, Wharton's claim for breach of the covenant of good faith and fair dealing by reason of JR's violation of the LVFs also fails as a matter of law.

**B.** **The Fraud and Intentional Misrepresentation Claims were properly dismissed.**

¶23 Wharton also claims JR committed fraud and intentional misrepresentation when it induced Wharton to apply for rental assistance by promising to not sue her for not paying rent and then filing lawsuits in violation of that promise. However, these claims have no basis considering the evidence submitted with the amended complaint.

¶24 Even assuming JR induced Wharton to apply for rental assistance to be paid directly to JR by falsely promising not to sue, this Court agrees that Wharton has failed to sufficiently allege how this has damaged her. Wharton alleges that if JR had not given her its promise, she would have requested rental assistance to be paid directly to herself. But this is speculation. No allegations or evidence provided in the amended complaint sustain this allegation. *BLK III, LLC v. Skelton*, 252 Ariz. 583, 588, ¶ 15 (App. 2022) (as amended) (noting that when considering motions to dismiss, reviewing courts "may not speculate about hypothetical facts"). And regarding the LVF, as noted, JR's actions did not violate any of its express terms. JR sued before it received the relevant rental assistance payments, and in any event, did not seek to recover possession for the periods covered by the assistance payments, but only money judgments.

¶25 Wharton also claims that JR committed fraud by not including Kai Wharton, her husband, on the new lease because he had been on the prior lease. Here, Wharton initialed and signed the lease herself. She had the responsibility, not JR, to ensure that the information was correct before signing, including whether Kai was on the lease. Her failure to read the lease to understand what she was signing does not equate to fraud.

¶26 Wharton also argues JR breached A.R.S. § 33-1321 by wrongfully withholding the $3,400 security deposit, alleging that JR inflated the repair damage invoice to intentionally retain the deposit. This argument fails, though, because rent was outstanding. A security deposit

can be applied to a judgment rendered against a tenant for unpaid rent. *See* A.R.S. § 33-1321(D). JR obtained a judgment against Wharton for unpaid rent in the amount of $4,787.33.

¶27 Wharton's complaint does not provide sufficient facts to support her claims. *BLK III, LLC*, 252 Ariz. at 588, ¶ 15. Much of the information contained in the amended complaint are conclusions, not facts. *Id.* ("[C]onclusory statements are insufficient to state a claim upon which relief can be granted." (quoting *Cullen*, at 218 Ariz. at 419, ¶ 7)). The facts that were provided do not demonstrate that Wharton is entitled to relief because the actions taken by JR are supported by the ARLTA and the lease agreement. Dismissal was proper.

## C. The CARES Act argument was abandoned.

¶28 In her opening brief, Wharton claims that the superior court erred in dismissing her complaint for "no private right of action to enforce under H.R. 748 CARES Act." As noted in JR's answering brief, Wharton failed to raise the issue in her amended complaint and therefore waived the issue. Wharton repudiated her claim regarding the CARES Act in her reply brief. This Court therefore views this issue as abandoned and does not address it.

## D. The attorneys' fees award was proper.

¶29 Wharton's final issue for appeal contends that the court erred in approving JR's Rule 59(d) motion after initially rejecting an attorneys' fees award, citing financial hardship. She also argues JR was not the prevailing party.

¶30 This Court reviews an order resolving an award of attorneys' fees for an abuse of discretion. *In re Marriage of McLaughlin & Swanson*, 250 Ariz. 156, 160, ¶ 17 (App. 2020). "[A]n award of attorneys' fees is left to the sound discretion of the trial court" and it will not be overturned "unless the trial court abused its discretion." *Tucson Ests. Prop. Owners Assoc. v. Jenkins*, 247 Ariz. 475, 478, ¶ 8 (App. 2019) (citations omitted). "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Id.* (citations omitted).

¶31 The court initially erred in denying JR attorneys' fees, despite the lease containing a provision for such fees. In Arizona, contracts specifying attorneys' fees are enforced under their terms. *See Am. Power Prod., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364 (2017). Indeed, regarding the

consideration of hardship, this Court has held "[t]he court erred if it considered hardship at all when awarding attorney's fees under the contract. When a contract provides for attorney's fees, A.R.S. § 12-341.01 does not apply, and the court will enforce the contract's fee provision according to its terms." *Woensdregt v. Handyman Connection*, 1 CA-CV 18-0340, 2019 WL 4316556, at *6, ¶ 33 (Ariz. App. Sept. 13, 2019) (mem. decision) (as amended). The lease agreement provided that "[t]he prevailing party in any dispute . . . shall be awarded all their reasonable attorney fees and costs, along with all costs and fees incurred as a result of any collection activity." Based on this provision, the court granted JR's motion to amend the Final Judgment of Dismissal and award attorneys' fees. The court did not abuse its discretion.

¶32　　　　Finally, Wharton argues JR was not the prevailing party. But this claim has no merit. JR attempted to settle the claims early on, as permitted by A.R.S. § 33-1306. If a rejected written settlement offer results in a judgment equal to or more favorable to the offeror, that party is deemed the successful party and the court may award that party reasonable attorneys' fees. A.R.S. § 12-341.01(A). Courts must apply this language from § 12-341.01 when determining whether a party is the prevailing party under a contractual fee shifting provision. *Am. Power Prod., Inc.*, 242 Ariz. at 368, ¶¶ 14-15. Wharton rejected two offers from JR, both more favorable to JR than the final judgment, and had all her claims dismissed. JR qualifies as the prevailing party under § 12-341.01. The court did not abuse its discretion in amending the final judgement to award JR attorneys' fees.

## CONCLUSION

¶33　　　　The superior court's decision to grant JR's motion and dismiss Wharton's claims under Rule 12(b)(6) is affirmed. Wharton's request for attorneys' fees and costs under Rule 21, A.R.S. § 25-324 and A.R.S. § 25-415, statutes inapplicable to this case, is denied. As the prevailing party and pursuant to the fees provision of the lease agreement, JR's request for attorneys' fees on appeal is granted, contingent upon compliance with the requirements of Ariz. R. Civ. App. P. 21(b).



AMY M. WOOD • Clerk of the Court
FILED:　AA