NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

SARA FORD, *Petitioner/Appellee,*

*v.*

SEAN P. ERICKSON, *Respondent/Appellant.*

No. 1 CA-CV 24-0618 FC

FILED 12-17-2025

Appeal from the Superior Court in Maricopa County
No. FC2019-007892
The Honorable Monica Edelstein, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Glickstein Law PLLC, Scottsdale
By Falynn S. Baum
*Co-Counsel for Petitioner/Appellee*

Frost LLP, Phoenix
By Amy Wilkins Hoffman
*Co-Counsel for Petitioner/Appellee*

Sean P. Erickson, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

**¶1**　　　　Sean P. Erickson ("Husband") appeals from a decree of dissolution denying his claims for reimbursement, a community equitable lien on Sara Ford's ("Wife") separate property residence, and past child support.  For reasons that follow, we vacate the denial of Husband's claim for reimbursement of post-service health insurance premiums and remand for reconsideration on that issue.  We affirm in all other respects.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　This is the second appeal in this dissolution case.  *See Ford v. Erickson*, 1 CA-CV 22-0387 FC, 2023 WL 2923034 (Ariz. App. Apr. 13, 2023) (mem. decision).  The parties were married in California in 2001.  They entered into a post-nuptial agreement ("PNA") in 2002.  The parties moved to Arizona several years later, and Wife petitioned for dissolution in 2019.  The youngest of the parties' four children emancipated in May 2024, while this matter was pending.

**¶3**　　　　After denying cross-motions for partial summary judgment on the validity of the PNA, the superior court held an evidentiary hearing and found the PNA enforceable as to the spousal maintenance and property provisions.  Husband appealed from that ruling, and we affirmed.  *See id.* at *4–5, ¶¶ 26–29.

**¶4**　　　　After remand, the court held a trial in April 2024 on remaining issues.  Husband claimed (1) a community lien on a California house, (2) that the Arizona house was community property or that he was entitled to a community lien, (3) reimbursement for health care premiums, (4) spousal maintenance, (5) past child support, and (6) attorney's fees.  Wife asserted that the PNA governed all property and spousal maintenance issues, and she did not request past child support or reimbursement unless the court found that Husband had an interest in her Arizona house.

**¶5**　　　　The court entered a decree reaffirming that the PNA was enforceable and applied to all the parties' property and outstanding debts.

2

The court further rejected Husband's claim for a community lien and found the Arizona house was Wife's separate property under the PNA. It declined to enter any child support orders because the children were all emancipated. And the court awarded Wife a portion of her attorney's fees based on Husband taking unreasonable positions after the first appeal.

¶6            Husband timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.      Sufficiency of Findings.

¶7            Husband requested written findings of fact and conclusions of law under Arizona Rule of Family Law Procedure 82(a). He now argues that the decree lacks findings on several issues raised at trial and thus did not satisfy Rule 82(a).

¶8            When a party timely requests findings of fact, the court's findings must be sufficient to allow an appellate court to determine which evidence formed the basis for the superior court's decision. *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990). But a litigant must object—in the superior court—to inadequate factual findings and conclusions of law to give the court an opportunity to correct them. *Id.* at 134. "Failure to do so constitutes waiver." *Id.; see also Trantor v. Fredrikson*, 179 Ariz. 299, 301 (1994). Husband did not object to the sufficiency of the findings in the superior court and thus has waived this argument. *See Elliott*, 165 Ariz. at 135.

¶9            Husband asserts that reassignment of the case due to judicial rotations was an "unusual circumstance[]" that prevented him from objecting to adequacy of the findings. But nothing supports Husband's contention that regularly scheduled judicial rotations over the course of this five-year litigation were "unusual." In any event, those rotations did not prevent Husband from objecting to the findings. Even after the judge issuing the decree moved to a new assignment, the judge taking over the calendar would have ruled on any motion or objection or asked the former judge to do so. Husband has waived his argument regarding the sufficiency of the findings.

### II.     Validity of the PNA.

¶10           Husband next challenges the validity of the PNA, arguing the superior court may have "overlooked" some issues. But this court affirmed

the judgment finding the PNA valid in Husband's first appeal. *See Ford*, 1 CA-CV 22-0387 FC, at \*4–5, ¶¶ 27–29.[1] And under the law-of-the-case doctrine, legal issues decided in a first appeal cannot be reconsidered in a later appeal in the same case. *Flores v. Cooper Tire & Rubber Co.*, 218 Ariz. 52, 57, ¶ 23 (App. 2008). Nor may Husband assert new challenges to the validity of the PNA because he could have made these arguments in his first appeal. Having failed to do so, he has waived them. *See Bogard v. Cannon & Wendt Elec. Co., Inc.*, 221 Ariz. 325, 332-33, ¶ 24 (App. 2009). Husband's arguments relating to whether the superior court properly *interpreted* the PNA when considering the issues raised at the trial remain cognizable.

## III. Trial Issues.

### A. Community Liens and Character of the Arizona House.

**¶11** When the parties entered into the PNA in 2002, Wife owned a California house that she bought before the marriage. The PNA specifies that the house itself and any increase in her separate property were to remain Wife's separate property. On the same day that the parties signed the PNA, Wife created and became the trustee of the Sara Ford Trust (the "Trust") and quitclaimed the California house to the Trust.

**¶12** In 2014, Wife took out a $250,000 home equity line of credit ("HELOC") using the California house as collateral. The bank required both Husband and Wife to sign the HELOC agreement. Wife later paid off the HELOC from her separate property earnings and the proceeds from the sale of the California house.

**¶13** The parties bought an Arizona house when they moved to Arizona in 2018. The Trust owns the Arizona house. Wife paid the mortgage with funds from her separate property earnings, but Husband paid the $20,000 earnest money deposit. Wife testified that Husband's $20,000 payment was a gift; Husband denied it.

---

[1] We question whether the superior court's interlocutory ruling on validity of the PNA fully resolved a "claim," which is a prerequisite to certifying the ruling as immediately appealable under Rule 78(b). But no one raised the issue in the first appeal, *see generally Ford*, 1 CA-CV 22-0387 FC, and this court could have (if alerted to the issue) exercised special action jurisdiction even if the Rule 78(b) certification was improper, *see* A.R.S. § 12-120.21(A)(4); RPSA 11(e). Accordingly, our prior decision remains law of the case.

¶14 On appeal, Husband asserts that there is a community lien on both houses because: (1) the HELOC on the California house was in both Husband and Wife's names, and (2) he made the $20,000 earnest money payment on the Arizona house. Alternatively, Husband argues that the PNA did not apply to the Arizona house, so it is community property.

¶15 The separate or community character of property is a question of law we review de novo, although we defer to the superior court's assessment of witness credibility and weighing of conflicting evidence. *In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 5 (App. 2016); *see also Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (appellate court will affirm if "substantial evidence" supports trial court's ruling). We view the evidence in the light most favorable to upholding the superior court's characterization. *See Am. Express Travel Related Servs. Co. v. Parmeter*, 186 Ariz. 652, 653 (App. 1996).

¶16 Husband's arguments for community liens fail for two reasons. First, even if we assume (without deciding) that the HELOC proceeds were community property not addressed in the PNA, *see Walker v. Walker*, 256 Ariz. 295, 302, ¶¶ 30–34 (App. 2023), Husband failed to show that the community is entitled to an equitable lien. The community benefited from the loan funds spent during the marriage, and Wife repaid the HELOC with her separate property earnings and proceeds from the sale of her separate property house. The paid-off HELOC did not create a community lien.

¶17 Second, the superior court was within its discretion to credit Wife's testimony that Husband gifted her the $20,000 earnest money payment for the Arizona house. Although Husband challenged Wife's credibility on this claim, we do not reweigh the evidence or witness credibility on appeal. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). And Wife paid the mortgage on both houses with her earnings, which were her separate property under the PNA. Because the record shows that the community did not contribute financially to the home, the community is not entitled to an equitable lien.

¶18 Husband further contends that the Arizona house is community property because the parties bought it during the marriage. Although property acquired during the marriage is presumed to be community property, that presumption may be overcome by clear and convincing evidence that the property is separate. *See* A.R.S. § 25-211(A); *Foster*, 240 Ariz. at 101, ¶ 9. And here, Wife presented sufficient evidence to rebut the community presumption. The court reasonably concluded that the $20,000 earnest money was a gift from Husband and gave him no

interest in the home. *See supra* ¶ 17. And the PNA permits Wife to "acquire new property to the same extent as if [she] had never married." Consistent with that provision, Wife placed the Arizona house in the Trust. Taken together, this is clear and convincing evidence that the Arizona house is Wife's separate property.

**¶19**  We thus affirm the superior court's denial of Husband's claim for any interest in either home.

### B. Failure to Address Issues.

**¶20**  Husband contends that the superior court erred by failing to address his claims for past child support and reimbursement for health insurance premiums. The absence of an express ruling implies that the request was denied. *See Pearson v. Pearson*, 190 Ariz. 231, 237 (App. 1997). Because Husband waived any objection to the lack of written findings of fact and conclusions of law on these issues, *see supra* ¶¶ 8–9; *see also Elliott*, 165 Ariz. at 134, we view the evidence in the light most favorable to upholding the superior court's ruling and will affirm if reasonable evidence supports it, *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

### 1. Past Child Support.

**¶21**  We review the superior court's ruling on child support for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002); *see also Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983) (arrearages). Husband argues that the court was required under A.R.S. § 25-320(B) and (C) to award past child support retroactive to the date of Wife's dissolution petition. In *Simpson v. Simpson*, however, this court held that such an award is *mandatory* only if the court finds a current child support order is appropriate. 224 Ariz. 224, 225–26, ¶¶ 7, 9 (App. 2010). The court here found (based on the parties' stipulation, and not challenged on appeal) that no current child support was appropriate, meaning any award of past support would be discretionary instead of mandatory.

**¶22**  And under the circumstances, the superior court did not abuse its discretion by implicitly denying retroactive support. Other than health insurance costs, Wife paid all the children's expenses since the date of filing of the petition. This included $2,000 per month that Wife paid Husband for the 16 months their oldest child lived with Husband, an amount that exceeded what Husband requested as past child support. We thus affirm the denial of past child support.

### C.  Reimbursement for Health Insurance Premiums.

¶23        Husband also asked to be reimbursed for the health insurance premiums he paid for Wife and the children after service of the petition. The decree did not address this claim, which constitutes an implicit denial of it, *Pearson*, 190 Ariz. at 237, and Wife did not address this issue in her answering brief on appeal.  And in superior court, Wife initially agreed that Husband was entitled to reimbursement for his payment of her health insurance premiums and "a portion of the cost for the children's insurance," although she later claimed that the $2,000 she paid Husband for 16 months should offset his insurance payments.

¶24        Husband was not obligated to pay for Wife's post-service health insurance absent a court order or agreement, so Husband was entitled to reimbursement for the amount he paid for Wife's health insurance post-service.  *See Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 19 (App. 2017).  But both parties had a duty to support the children.  *See* A.R.S. § 25-501(A).  Even viewing the record in a light most favorable to upholding the implicit denial of reimbursement, Wife's payments of $32,000 to Husband as support for the oldest child do not entirely offset the $36,288 Husband paid for the children's health insurance.  And Wife cannot rely on these funds as an offset for both past child support and the health insurance costs. *See supra* ¶ 22.  On this record, it is unclear whether Husband is entitled to reimbursement for all, none, or Wife's proportionate share of the children's health insurance cost.

¶25        Accordingly, we vacate the denial of Husband's claim for reimbursement of his post-service health insurance payments.  On remand, the superior court should award Husband the amount he paid for Wife's health insurance and reconsider his claim for reimbursement for the children's health insurance.

## IV.   Attorney's Fees and Costs on Appeal.

¶26        Wife requests an award of attorney's fees on appeal under A.R.S. § 25-324.  After considering the relevant factors and in an exercise of our discretion, we deny Wife's request.  Because Husband raised a valid claim for health insurance reimbursement, he is entitled to his costs on appeal upon compliance with ARCAP 21.  *See* A.R.S. § 12-342(A).

## CONCLUSION

**¶27** We vacate and remand for reconsideration of Husband's reimbursement claim for health insurance premiums as described above. We affirm in all other respects.

